## Hughey v. Hughey.

1. *Questions of Fact in Chancery.*—In chancery cases where the evidence is conflicting and witnesses have been examined orally in court, there is the same necessity existing as when there has been a trial by jury, that the error in the finding of the facts shall be clear and palpable to authorize a reversal, because the trial judge has the witnesses before him and can observe their manner and appearances, and is thus afforded facilities often of the greatest importance in determining their credibility.

Memorandum.—Bill for separate maintenance. Appeal from a decree rendered by the Circuit Court of Sangamon County; the Hon. JAMES M. CREIGHTON, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

Bill in chancery, for separate maintenance, by Annie Hughey, complainant, against her husband, James Hughey, charging the defendant with cruelty, profane and abusive language toward her, failure to provide proper support and maintenance and requiring complainant to work beyond her strength. The defendant, in his answer, denied all of these charges and avers the complainant abandoned her home without just cause.

### APPELLANT'S BRIEF.

The policy of the law is to maintain the marriage relation after it is entered upon and not to allow separate maintenance for trivial causes. Tureman v. Tureman, 4 Ill. App. 335; Schraeder v. Schraeder, 26 Ill. App. 524: Cooper v. Cooper, 4 Ill. App. 285.

A wife seeking separate maintenance must be held to a reasonable compliance with the rule requiring every complainant to make out his or her case by a preponderance of the proof. Houts v. Houts, 17 Ill. App. 440; Johnson v. Johnson, 125 Ill. 513.

SCHOLES & GRAHAM, attorneys for appellant.

Appellee's Brief.

To authorize a decree for separate maintenance of the wife, other than for causes for which divorce will be granted, it must be shown that there is reasonable danger of personal violence to her, or a persistent, unjustifiable course of conduct on the part of the husband, which would necessarily render her miserable if she continued to remain with her husband. Wahle v. Wahle, 71 Ill. 516.

Patton & Hamilton, attorneys for appellee.

Opinion of the Court, the Hon. George W. Wall, Judge.

This was a bill for separate maintenance. The issues of fact were heard by the chancellor, a jury being waived and were found for complainant. A decree was entered accordingly from which an appeal is prosecuted to this court. The only question arising upon the record is whether there is enough in the proof to sustain the decree.

If the testimony of the complainant, supported as it was by that of other witnesses more or less in corroboration of her statements, is to be believed, the decree is right.

On the other hand, if the testimony of the defendant and his sister is to be believed, the issue should have been found for the defendant. "In chancery cases where the evidence is conflicting and witnesses have been examined orally in court, there is the same necessity existing as when there has been a trial by jury, that the error in the finding of fact shall be clear and palpable to authorize a reversal." Coari v. Oleson, 91 Ill. 277; Johnson v. Johnson, 125 Ill. 510. This for the manifest reason that the chancellor had the witnesses before him and could observe their manner and appearance and was thus afforded facilities often of the greatest importance in determining their credibility.

According to the complainant's testimony, which has considerable corroboration in the testimony of the other witnesses, she was justified in leaving the home of her husband, by whom she was treated with the utmost unkindness, and compelled to perform work about the farm, for which she was

wholly unfitted. The case made by her testimony shows a persistent course of wrongful treatment which necessarily rendered her life miserable if not wholly unendurable. The fact is apparent that there was too great disparity in the ages of the parties and there is strong reason to suppose that the influence of the husband's sister, who lived with him before and after the marriage, had much to do in causing the unhappiness which even his testimony clearly discloses. There can be little doubt that the complainant was not permitted to enjoy her rightful position in her own household, and that she was treated as a servant rather than as a wife.

We are impressed with the view that the decree is responsive to the real merits of the case, but whether so or not there is no such want of support in the evidence as to warrant our interference. The decree will be affirmed.